FILED

DEC 30 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50031 |
| Plaintiff - Appellee, | D.C. No. 3:06-cr-01680-BTM |
| v. | |
| ANTHONY DONATO CORTEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Submitted December 19, 2011[**]

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Anthony Donato Cortez appeals from the 24-month sentence imposed following the revocation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cortez contends that his sentence is substantively unreasonable because the district court impermissibly made the violent nature of his underlying offense the focal point of its sentencing decision, the consecutive sentence effectively postpones Cortez's access to intensive substance abuse treatment by seven years, and the sentence is longer than necessary to deter him from future violations. These contentions fail. The district court considered the factors set forth in 18 U.S.C. § 3583(e), and did not abuse its discretion in imposing the sentence. *See* U.S.S.G. § 7B1.3(a)(1), (f); *United States v. Simtob*, 485 F.3d 1058, 1063 (9th Cir. 2007) ("[A] district court may properly look to and consider the conduct underlying the revocation as one of many acts contributing to the severity of the violator's breach of trust so as not to preclude a full review of the violator's history and the violator's likelihood of repeating that history.").

**AFFIRMED.**